CHICKERING & SONS v. CHICKERING et al.

(Circuit Court, N. D. Illinois, E. D. December 28, 1911.)

No. 26,159.

TRADE-MARKS AND TRADE-NAMES (§ 95*)—SUIT FOR UNFAIR COMPETITION—INJUNCTION.

An injunctional order restraining unfair competition in the use of the name "Chickering" on pianos construed.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by Chickering & Sons against Clifford C. Chickering and others. On motion by complainants to define and enlarge order granting preliminary injunction. Granted in part.

Holt, Wheeler & Sidley, for complainants.

Rector, Hibben, Davis & Macauley (Edward Rector, of counsel), for defendants.

KOHLSAAT, Circuit Judge. Complainants move the court to decree that the injunctional order of the court, heretofore entered, be extended to and made binding upon the defendant to the supplemental bill herein. This relief is proper, and it will be so ordered.

Complainants further move the court to define and, if necessary, enlarge the injunction, so as to give complainants the effective protection which they claim the order was intended to afford. Defendants oppose this latter motion upon the grounds: (1) Because complainants come into court with unclean hands, in that they have made and are making false representations, to the effect that their piano is still being made by Chickering & Sons and Messrs. Chickering & Sons; (2) because the motion amounts to an attempt to retry the application for the original injunction and broaden same; (3) in the face of the intimation of the Court of Appeals that the order was too broad; and (4) the further fact that the cause is practically ready for final hearing; (5) and the holding of certain Supreme Court decisions rendered since the entry of the injunctional order; (6) and because the construction asked is inconsistent with the terms of the injunctional order; and (7) because defendants have been pursuing their present course unmolested for

more than nine years; and (8) because this is attempted with a view to injure defendant in advance of a final decree.

The court finds that the point first named is, under the facts of this case, not well taken, and constitutes no bar to this application. The court further finds that, so far as the motion involves injunctional relief not granted in the original order, it should and will not be now entertained, in view of the time which has elapsed since the injunctional order was entered and the condition of the record with reference to final hearing; that, as to the complainants' contention that whatever appears on the fall-board of defendants' piano constitutes the name of the piano, the court is not prepared at the present time to go to that extent; that the use of the words, "Chickering Bros., Chicago," upon the fall-board of defendants' piano, without other means of advising a purchaser that the piano was and is not the piano of the original Chickering & Sons, exhibited adjacent thereto and as prominently as the name "Chickering Bros., Chicago," is exhibited, was and is not a compliance with clause 2 of said original injunctional order, and constitutes a violation thereof; that it is the meaning and intent of said clause 2 that every use of said name of "Chickering," or "Chickering Bros.," on the fall-board or elsewhere on their piano, or in advertising, should and shall, in close proximity thereto, be accompanied by equally prominent words, or other means, which shall be sufficient to advise any intelligent person dealing with defendants that the piano is not that of complainants; that the use of the term, "the only Chickering making pianos," is an evasion and a violation of clause 5 of the order enjoining defendants "from making use of, on or in connection with the manufacture or sale of pianos, the statement, 'The only piano made by a Chickering,' or any statement similar thereto, or from stamping, stenciling, or impressing upon their said pianos said statement, or any statement similar thereto."

Complainant may prepare a supplemental decree in accordance herewith.